**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BILLY WAYNE STOCKS,
      Appellant,

    v.

DEPARTMENT OF
  TRANSPORTATION,
      Agency.

DOCKET NUMBER
DC-3443-13-0149-B-1

DATE: August 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Billy Wayne Stocks, Washington, North Carolina, pro se.

E. Linda Ubokudom and Russell B. Christensen, Washington, D.C., for
  the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which
dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such
as this one only when: the initial decision contains erroneous findings of material
fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant, as an Air Traffic Control Specialist, AT-2152-FH, at Ceredo, West Virginia, applied for two positions in Warrenton, Virginia:  (1) Traffic Management Specialist (TMS), AT-2152-LH; and (2) Notice to Airmen and Weather Unit (NOTAM/Weather Specialist), AT-2152-HH.  Initial Appeal File (IAF), Tab 11.  The appellant met the minimum qualifications for both positions. On June 9, 2011, the Air Traffic Manager selected the appellant for the NOTAM/Weather Specialist position, and selected 8 other applicants for the TMS positions.  *Id*. at 52, 54.  In late August and early September 2011, he and four other agency managers signed a request for a personnel action to transfer the appellant into the NOTAM/Weather Specialist position.  *Id*. at 50.

¶3    On October 12, 2011, a Human Resources Specialist issued the appellant a memorandum with the subject line "Firm Offer Letter," offering him one of the TMS positions rather than the NOTAM/Weather Specialist position authorized by the Air Traffic Manager.  *Id*. at 47-48.  The memorandum designated the effective date as April 21, 2012, with a base pay of $87,925 and adjusted salary with locality of $109,220. *Id.* at 47.  In addition, the memorandum indicated:

> In accordance with National Air Traffic Controllers Association AFL-CIO and FAA agreement of 2009. Certified Professional Controllers (CPC) are entitled to an increase when moving to a higher level facility. In your case, you are receiving a 6% increase. One-half of the increase to be paid upon initial transfer and the remaining one-half when fully certified in the new facility. The firm offer represents the initial salary increase.

*Id*. The appellant faxed his acceptance of the offer on the same day. IAF, Tab 3 at 7.

¶4 On May 14, 2012, the agency issued a Standard Form 50 (SF-50) transferring the appellant into the NOTAM/Weather Specialist position with the basic pay and adjusted salary consistent with those stated in the memorandum for the TMS positions. IAF, Tab 11 at 45.

¶5 When the appellant began his new position in April 2012, he was assigned to and performed duties in the NOTAM/Weather Specialist position. IAF, Tab 7 at 2, Tab 11 at 29-43. In September 2012, the appellant was certified for the facility, and afterward, he asked the National Operations Manager about the other half of his 6% salary increase. IAF, Tab 7 at 2. A few weeks later, the National Operations Manager explained to the appellant that because of mistakes made by Human Resources, he had been offered too high of a salary for his position. *Id*. On November 19, 2012, the agency provided the appellant with a revised "Firm Job Offer" containing the information for the NOTAM/Weather Specialist position. IAF, Tab 11 at 18‑19.

¶6 The appellant appealed the agency's action. While the appeal was pending below, the agency's Human Resources Department issued two additional SF-50s, retroactively appointing the appellant to the TMS position and increasing his salary because he obtained certification in September. IAF, Tab 15 at 4-6. On February 9, 2013, the Human Resources Department added four additional SF-50s to the appellant's Official Personnel File, IAF, Tab 16, that placed him back in

the NOTAM/Weather Specialist position with the corrected salary.[2] *Id*. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 18.

¶7 The appellant petitioned for review. Petition for Review File, Tab 1. Because the administrative judge did not address the appellant's argument—based on the series of SF-50s that the agency issued after he filed his appeal—that the agency promoted him to the TMS position but then cancelled the promotion and appointed him to the NOTAM/Weather Specialist position retroactively, the Board found that it may have jurisdiction over the appeal. *Stocks v. Department of Transportation*, MSPB Docket No. DC-3443-13-0149-I-1, Final Order at 8 (Apr. 10, 2014). The Board remanded the appeal for further development of the record. *Id*. at 9.

¶8 On remand, the administrative judge found that there was no evidence that the Air Traffic Manager or any other authorized appointing official approved the appellant's placement in the TMS position, and she further found that the appellant's situation was the result of a series of mistakes made by the agency's Human Resources department. Remand File (RF), Tab 14, Remand Initial Decision (RID) at 6-7. Thus, she found that the appellant was not appointed to the TMS position and correcting a pay-setting error was not within the Board's jurisdiction. RID at 7.

¶9 In his petition for review, the appellant reasserts that he was subjected to a reduction in pay. Remand Petition for Review File, Tab 1.

¶10 The Board has jurisdiction to review an appeal of a reduction in grade or pay. 5 U.S.C. § 7512. "Grade" is defined as "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3). The Board has held that, to establish jurisdiction in an appeal from the cancellation of a promotion as a reduction in grade, the appellant must show that: (1) the promotion actually

---

[2] This appears to be the date the agency corrected the appellant's salary.

occurred; that is, that it was approved by an authorized appointing official aware that he or she was making the promotion; (2) the appellant took some action denoting acceptance of the promotion; and (3) the promotion was not revoked before it became effective. *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 10 (2012). Cancelling an effected promotion constitutes an appealable reduction in grade. *Marrero v. Department of Veterans Affairs*, 100 M.S.P.R. 424, ¶ 7 (2005), *overruled on other grounds by Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶ 16 (2009). When a promotion to a higher grade is not effected, however, there is not an appealable reduction in grade or pay. *Id.*

¶11    The Human Resources Specialist who issued the appellant's "Firm Offer Letter" dated October 12, 2011, declared under penalty of perjury that the reference to the TMS position was incorrect and that the appellant had in fact been selected for the NOTAM/Weather Specialist position. RF, Tab 13. Moreover, there is no evidence that she had the authority to place the appellant in the TMS position at a higher salary. RF, Tab 8 at 38. Likewise, the changes to the appellant's SF-50s in December 2012 placing him in the TMS position were also errors by Human Resources and not authorized by his managers. *Id.* at 40. The official who approved the SF-50s testified that she had "no role in the assessment of candidates, or selections" for the TMS position. *Id.* The agency's own policy provides that the selecting official had the authority to fill the TMS position, not Human Resources personnel. *Id.* at 36. We agree with the administrative judge that there is no support for the conclusion that the appellant was appointed to, or ever performed the duties of, the TMS position. Instead, the appellant at all times performed the duties of the NOTAM/Weather Specialist position. While the appellant sent the agency an "acceptance" of the TMS position and has consistently argued that this formed an employment contract with the agency, Federal employment is not governed simply by contract law. *Bartel v. Federal Aviation Administration*, 14 M.S.P.R. 24, 35 (1982) (finding that appointment, not contract law, is the central concept in Federal employment).

¶12     Concerning the pay-setting error, it is well established that correcting an administrative error relating to a pay adjustment is not within the Board's jurisdiction. *McGarigle v. U.S. Postal Service*, 40 M.S.P.R. 675, 677‑78 (1989), *aff'd*, 904 F.2d 687 (Fed. Cir. 1990). Because the appellant was appointed to and served in the position of NOTAM/Weather Specialist, he was entitled to a pay increase of only 6%, not the higher rate of the TMS position. Consequently, the Board lacks jurisdiction to review his reduction‑in‑pay claim.

¶13     In sum, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. RID at 6-7; *e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, we deny the petition for review. The initial decision remains the final decision of the Board.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 	_____
		Jennifer Everling
		Acting Clerk of the Board

Washington, D.C.